**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

PATTY JANE STEVENSON,                    :

       Plaintiff,                       :       Civ. No. 04-5971 (GEB)
               v.
                       :       **MEMORANDUM OPINION**

UNITED STATES POST OFFICE, et al.,

                       :

       Defendants.

_____ :


**BROWN, Chief Judge**

      This matter comes before the Court upon the motion to dismiss and the motion for

summary judgment of Defendants United States Post Office ("USPO"), Philip Decarolis

("Decarolis"), Frank Tulino ("Tulino"), Robert Towler ("Towler"), Carlos Cruz ("Cruz"), Doris

Billingsly ("Billingsly"), Glenn Cameron ("Cameron") and John Potter ("Potter") (collectively

"Defendants").  The court has reviewed the parties' submissions and has decided the motions

without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth

below, the Court will grant Defendants' motion to dismiss and their motion for summary

judgment.

**BACKGROUND**

      Plaintiff Patty Jane Stevenson ("Plaintiff" or "Stevenson") began employment with the

USPO on March 30, 1987.  (Def. Mot. at 3; Pl. Opp'n at 1.)  Ms. Stevenson worked as a

distribution clerk at the Trenton Processing and Distribution Center's ("P&DC") on the Mail

Processing Letter Sorting Machine.  (Def. Mot. at 3; Pl. Opp'n at 1.)  In 1992, Ms. Stevenson

developed a number of medical conditions which imposed some limitations on her physical activity. (Def. Mot. at 3-4; Pl. Opp'n at 1.) On December 12, 1994, Plaintiff requested that the USPO permanently reassign her to a position within her medical limitations. (Def. Mot. at 4; Pl. Opp'n at 1.) In January 1997, Ms. Stevenson was offered a Rehabilitation Job as a Modified Distribution Clerk, a position created in response to her physician's evaluation of her medical conditions. (Def. Mot. at 5; Pl. Opp'n at 1.) She accepted the position. (Def. Mot. at 5; Pl. Opp'n at 1.)

On August 22, 1998, Plaintiff applied for the position of General Clerk on Tour 3 (the "General Clerk Position"). (Def. Mot. at 5; Pl. Opp'n at 1.) Although Ms. Stevenson claims to have been informed that she would be granted the position (as she was the most senior person bidding for the position), she received a letter dated September 4, 1998 from Mr. Towler, the Plant Manager of the Trenton Distribution Center, stating that her bid had been denied on the grounds that she was a Rehabilitation Duty Status employee. (Def. Mot. at 6; Pl. Opp'n at 3.) The letter added that "[u]ntil such time as [she could] provide documentation that [she] no longer require[d] a Rehab job, [she would] not be awarded th[e] position." (Def. Mot. at 6; Pl. Opp'n at 3.)

After receiving the letter, Ms. Stevenson allegedly sought the assistance of the Union in filing a grievance to contest the denial of her bid for the position. (Pl. Opp'n at 5.) She asserts that the Union refused to assist her. (Pl. Opp'n at 5.) Ms. Stevenson claims she then filed an EEOC complaint, as a result of which a mediation meeting was arranged in October 1998 between Plant Manager Mr. Towler, Plaintiff and Ms. Pace, a mediator. (Def. Mot. at 8-9; Pl. Opp'n at 5.) At that meeting, Mr. Towler suggested that a position as a Clerk on Tour 2 of the

2

Maintenance Division be created for Ms. Stevenson (the "Maintenance Position"). (Def. Mot. at 9-10; Pl. Opp'n at 1.) The parties to the mediation then entered into a Settlement Agreement, which provided that Ms. Stevenson would be granted said position if she withdrew her grievance. (Def. Mot. at 10; Pl. Opp'n at 1.) Shortly thereafter, the Union initiated a class action grievance challenging the Agreement's creation of the Maintenance position without a bidding process. (Def. Mot. at 12; Pl. Opp'n at 1.) That grievance was sustained at Step 3, and Ms. Stevenson was ordered to return to her position as Modified Distribution Clerk effective June 5, 1999. (Def. Mot. at 12; Pl. Opp'n at 1.)

On July 30, 1999, Ms. Stevenson submitted a notice of appeal of this decision to the EEOC, alleging that the Settlement Agreement had been breached. (Def. Mot. at 15; Pl. Opp'n at 1.) On June 7, 1999, Ms. Stevenson reported to work for the Maintenance Position, but was told to return to her prior job. (Def. Mot. at 15; Pl. Opp'n at 1.) Ms. Stevenson left the Trenton P&DC on that day, and did not return to work at any time thereafter. (Def. Mot. at 15; Pl. Opp'n at 1.) On July 31, 1999, Plaintiff was notified that she would be dismissed from her employment with the USPO effective September 4, 1999. (Def. Mot. at 17; Pl. Opp'n at 1.)

On August 30, 1999, plaintiff filed a Complaint in this Court alleging that she was discriminated against on the basis of disability and prior EEO activity (i) when her bid for the General Clerk Position was denied on September 13, 1998, and (ii) when she was terminated from the Postal Service on July 31, 1999. (Def. Mot. at 19; Pl. Opp'n at 1.) Plaintiff also alleged breach of the Settlement Agreement. (Def. Mot. at 19; Pl. Opp'n at 1.) On September 21, 2001, the Court granted defendants' motion for summary judgment, entered an Order directing the dismissal of all claims and directed the reinstatement of the claims pertaining only to the 1998

3

bid denial to the New Jersey Office of the EEO for further processing.  (Def. Mot. at 19; Pl. Opp'n at 1.)

In January 2003, Plaintiff filed a formal complaint once again alleging that she was discriminated against on the basis of disability when her bid for the General Clerk Position was denied and when she was terminated from the USPO.  (Def. Mot. at 21; Pl. Opp'n at 1.)  Upon completion of the EEO investigation, Ms. Stevenson requested a hearing before an Administrative Law Judge, and was assigned to Judge Jose L. Perez. (Def. Mot. at 21; Pl. Opp'n at 1.)  While the EEO complaint was pending, an EEO class action entitled *Chandler Glover and Dean Albrecht v. John Potter*, EEO Case No. 320-A2-8011X was certified by Administrative Law Judge Dickie Montemayor.  (Def. Mot. at 21; Pl. Opp'n at 1.)

Administrative Law Judge Perez dismissed Ms. Stevenson's claims relating to the denial of her bid for the General Clerk Position, on the grounds that she was a member of the *Glover* action.  (Def. Mot. at 22; Pl. Opp'n at 8.)  On June 10, 2004 Judge Montemayor approved a settlement in the *Glover* action over Ms. Stevenson's objection. (Def. Mot. at 23; Pl. Opp'n at 8.) On July 8, 2004, the EEOC issued the Notice of Final Action implementing the *Glover* Settlement Agreement.  (Def. Mot. at 23; Pl. Opp'n at 8.)  On August 26, 2004, Judge Perez dismissed Plaintiff's claims arising out of her 1999 dismissal, holding that Plaintiff had failed to establish a *prima facie* case of disability discrimination based on disparate treatment. (Def. Mot. at 23; Pl. Opp'n at 9.)

On December 6, 2004, Plaintiff filed the instant federal action.  On June 1, 2007, Defendants filed a combined motion to dismiss and motion for summary judgment.

**DISCUSSION**

    A.    STANDARDS

        1.    Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought.  *Id*. at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  *Id*. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  *Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus*., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

2.      Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

B.      APPLICATION

1.      Motion to Dismiss

a.      Whether Plaintiff's Claims of Discrimination Under Statutes Other Than Title VII and the Rehabilitation Act Are Allowable.

Defendants submit that "Title VII [and the Rehabilitation Act] provide[] the exclusive remedy for claims of discrimination in federal employment," and conclude that Plaintiff's *Bivens* claims and its claims under the Americans with Disabilities Act ("ADA") should be dismissed. (Def. Mot. at 27-28, *quoting Brown v. General Services Admin.*, 425 U.S. 820 (1976).)

In response, Plaintiff contends that her complaint "is more than a claim of discrimination

in federal employment, it is a claim of denial of procedural and substantive due process in the

method used to remove her from the position properly created in an EEOC settlement, or denying

her the position which she bid upon and should have been awarded, which was denied her

without a hearing."  (Pl. Opp'n at 16.)

As explained by the Supreme Court,

> Section 717 of [Title VII of] the Civil Rights Act of 1964, 42
> U.S.C. § 2000e-16 . . . proscribes federal employment
> discrimination and establishes an administrative and judicial
> enforcement system. Section 717 (a) provides that all personnel
> actions  affecting federal employees  and applicants for federal
> employment shall be made free from any discrimination based on
> race, color, religion, sex, or national origin.

*Brown v. General Serv. Admin.*, 425 U.S. 820, 828 (1976).  Moreover, Section 505 of the

Rehabilitation Act provides that:

> (a) (1) The remedies, procedures, and rights set forth in section 717
> of [Title VII of] the Civil Rights Act of 1964 (42 U.S.C.
> 2000e-16), . . . shall be available, with respect to any complaint
> under section 501 of this Act [the Rehabilitation Act], to any
> employee or applicant for employment aggrieved by the final
> disposition of such complaint, or by the failure to take final action
> on such complaint . . . .

29 U.S.C. § 794a(a)(1).

Our Circuit has consistently held that "Title VII provides federal employees with a

remedy that precludes actions for constitutional or other statutory claims."  *Wilson v. Potter*, 159

Fed. App'x 415, 417 (3d Cir. 2005), *citing Owens v. United States*, 822 F.2d 408, 410 (3d Cir.

1987); *see also Gissen v. Tackman*, 537 F.2d 784, 786 (3d Cir. 1976), *quoting Brown v. General*

*Serv. Admin.*, 425 U.S. 820, 828-29 (1976) (reviewing the legislative history of Title VII and

concluding that "the congressional intent in 1972 was to create an exclusive, pre-emptive

administrative and judicial scheme for the redress of federal employment discrimination.").  The Court therefore concludes that Ms. Stevenson, as a federal employee bringing suit for discrimination on the basis of disability, cannot put forth a *Bivens* claim or a claim under the ADA.  Her exclusive remedy for any such discrimination is to be found under Title VII and the related sections of the Rehabilitation Act.  Accordingly, the Court will dismiss Plaintiff's *Bivens* claims and ADA claims relating to her disability.[1]

The Court notes, finally, that "[t]he only proper defendant in a Title VII action is the head of the agency in which the allegedly discriminatory acts occurred. *See* 42 U.S.C. § 2000e-16(c)." *Wilson v. Potter*, 159 Fed. App'x 415, 417 (3d Cir. 2005). Any Title VII claims plaintiff may have set forth against individual defendants other than Mr. Potter, the Postmaster General,  must therefore be dismissed.

> b.      Whether Plaintiff's Claim That She Was Subjected to Discrimination When She Was Denied a Bid on a General Clerk Position Is Untimely.

Defendant contends that Plaintiff's claim that she was subjected to discrimination when she was denied a bid on the General Clerk Position is untimely.   The Court agrees.

Title VII provides, in relevant part, that:

> *Within 90 days* of receipt of notice of final action taken by a department, agency, or unit referred to in subsection 717(a) [subsec. (a) of this section], or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race,

---

[1]      The Court finds unpersuasive Plaintiff's argument that her due process rights are not barred under *Wilson v. Potter*.  Her substantive and procedural due process claims are *Bivens* claims relating to allegations of employment discrimination. Such claims are precluded under the Supreme Court's and this Circuit's interpretation of Title VII.

color, religion, sex or national origin, brought pursuant to
subsection (a) of this section, Executive Order 11478 or any
succeeding Executive orders, or after one hundred and eighty days
from the filing of the initial charge with the department, agency, or
unit or with the Civil Service Commission on appeal from a
decision or order of such department, agency, or unit until such
time as final action may be taken by a department, agency, or unit,
*an employee or applicant for employment, if aggrieved by the final
disposition of his complaint, or by the failure to take final action
on his complaint, may file a civil action as provided in section 706
[42 USCS § 2000e-5], in which civil action the head of the
department, agency, or unit, as appropriate, shall be the
defendant.*

42 U.S.C. § 2000e-16(c).

Defendants argue that Judge Perez dismissed Ms. Stevenson's claim pertaining to the

September 1998 bid denial on February 17, 2004, on the grounds that Plaintiff fell within the

*Glover* class.  (Def. Mot. at 38.)  Judge Perez at that time "proceeded to retain jurisdiction over

the only remaining claim - plaintiff's 1999 termination."  (*Id.*)  Defendants claim that Plaintiff's

objection to the class action was rejected by Judge Montemayor, who approved the settlement of

the class action on June 10, 2004.  (*Id.*)  A Notice of Final Action was allegedly sent out

notifying class members that they had a right to file a civil action in district court within 90 days.

(*Id.*)  Noting that Plaintiff "did not file a federal civil action until December 6, 2004, outside the

90-day deadline," Defendants conclude that "the claim set forth in plaintiff's Amended

Complaint pertaining to the 1998 bid denial must be dismissed."  (*Id.*)

Plaintiff responds that "[s]he was never made a formal part, nor included in [the *Glover*]

Class Action . . . [and contends that] her claim was never consolidated with, nor made a part of

the complaint in [*Glover*]." (Pl. Opp'n at 19.)  She adds that she did not receive a Notice of

Resolution of the *Glover* action, was prevented from opting out of the class, and only received a

9

Notice of Final Action on July 10, 2005.  (*Id.* at 20.)

Plaintiff submits that Judge Montemayor's decision to approve the *Glover* settlement did not terminate her claims pending before the EEOC.  Indeed, she contends that her position is buttressed by Judge Perez's decision to go forth and make his own findings and conclusions of law on plaintiff's discrimination claims after the settlement.  (*Id.*)   Plaintiff concludes that she filed her complaint in district court within the 90-day statutory deadline, because the department's final action was the dismissal of her claim on September 9, 2004.  (*Id.* at 21.)

Accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the Plaintiff, this Court holds that Plaintiff has failed to set forth fair notice of the grounds upon which her claim for discrimination rests.  While the agency did indeed reach a final decision on Ms. Stevenson's discrimination claims in late August and September 2004, that decision only concerned her claim for discrimination in connection with her 1999 termination from the USPO.  Ms. Stevenson's claim for discrimination in connection with the denial of her bid for the General Clerk Position was subsumed under the *Glover* class action on February 14, 2004, and a final resolution of that claim was reached upon settlement of the *Glover* action on June 10, 2004.  There can be no dispute that Ms. Stevenson's claim was filed beyond the 90 days mandated by statute.  Accordingly, the Court will dismiss with prejudice her claim of discrimination in connection with the denial of her bid on the General Clerk Position.

          c.    Whether Plaintiff Failed to State a Claim for Reprisal Based on EEOC Activity.

Defendants also contend that plaintiff fails to state a claim for reprisal based on prior

EEOC activity, and that the claim should therefore be dismissed.  A plaintiff seeking to advance a prima facie case of rehabilitation must show that: "(1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000), *citing Kachmar v. Sungard Data Systems, Inc.*, 109 F.3d 173, 177 (3d Cir. 1997).

Defendants contend that "the lapse in time between the informal complaint and the termination breaks the causal link needed to establish a claim of reprisal."  (Def. Br. at 50.) Moreover, they submit that "the agency official who issued her termination was not aware of any prior EEO activity prior to the termination."  (*Id.*)   Finally, Defendants claim to have articulated a legitimate non-discriminatory reason for Ms. Stevenson's termination – "her failure to report to work or to follow instructions to report back to work."  (*Id.*)

Plaintiff simply responds that all the circumstantial evidence in this case "points to reprisal for her EEOC complaint."  (Pl. Opp'n at 25.)  Ms. Stevenson concludes that her "resort to the EEOC . . . was a challenge to the U.S.P.S. autocratic authority [as a result of which it] unreasonably took action against her for forcing it to recognize the EEO process and provide her reasonable accommodation."  (*Id.*)

While Plaintiff's complaint need only "contain sufficient factual allegations to raise a right to relief above the speculative level," the Court holds that Plaintiff has failed to meet its burden here. *See Bell Atlantic Corp.*,  127 S.Ct. at 1965.  Defendants' motion to dismiss Plaintiff's claim for reprisal is therefore granted.

2.      Motion for Summary Judgment

        a.      Whether Plaintiff Established a Prima Facie Case of
                    Discrimination Under the Rehabilitation Act.

Defendants contend that Plaintiff cannot establish a *prima facie* case of disability

discrimination under the Rehabilitation Act, and that they are therefore entitled to summary

judgment on the question of whether she was discriminated against on the basis of her disability

when she was terminated in 1999.  (Def. Br. at 39.)

> To make a prima facie case of discrimination under the
> Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. [Plaintiff] must
> show that she has a disability, is otherwise qualified to do the job
> with or without reasonable accommodations, and that she was
> terminated or prevented from doing the job.  *Shiring v. Runyon*, 90
> F.3d 827, 831 (3d Cir. 1996).  Under the Act, a disability is any
> impairment that substantially limits at least one major life activity.
> *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195, 122
> S. Ct. 681, 151 L. Ed. 2d 615 (2002).  To prove a disability, an
> individual must offer evidence that the limitation, in terms of her
> own experiences, is substantial.  *Id.* at 198.

*Greb v. Potter*, 176 Fed. App'x 260, 262 (3d Cir. 2006). As further explained in 29 C.F.R. §

1630.2, "Major Life Activities means functions such as caring for oneself, performing manual

tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  29 C.F.R. §

1630.2(i).  As for the term "substantially limits," it means either:

> [u]nable to perform a major life activity that the average person in
> the general population can perform; or . . . [s]ignificantly restricted
> as to the condition, manner or duration under which an individual
> can perform a particular major life activity as compared to the
> condition, manner, or duration under which the average person in
> the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j).

Defendants contend that while "Plaintiff argues that she qualifies for protections afforded

12

the disabled . . . because she has right thoracic outlet syndrome and right pericapsular fibrosis/chronic diffuse joint synovitis," these conditions "do not 'substantially limit' any of her major life activities."  (Def. Br. at 41.)  Defendants conclude that she does not fall in the category of individuals protected under the Rehabilitation Act.  (*Id*.)

In particular, Defendants claim that in 1997 Plaintiff "could sit for one hour, stand for one hour, and walk for three miles or one hour."  (*Id*. at 42-43.) Defendants concede that "her physician noted that she had postural difficulty with sleeping as well as difficulty with bending . . . and with walking and performance of certain household duties," but insist that "these limitations do not substantially prevent her from engaging in any major life activities."  (*Id.* at 43.)  Defendants adds that any lifting restrictions suffered by plaintiff do not rise to the level of a substantial impairment.  (*Id.* at 43-44.)

Turning to Plaintiff's 2001 and 2006 depositions, Defendants highlight the following testimony:

- Plaintiff was working in 2001 as a legal secretary.  (*Id.* at 44.)

- She exercised three times a week, and lifted weights with her legs.  (*Id.*)

-  In 2006 she had just returned from a trip to the Dominican Republic, on which she swam in a pool and shopped.  (*Id.* at 40-41.)

- She has never had to hire a caretaker to assist her, and takes care of her own personal hygiene.  (*Id*. at 44.)

In responding to Defendants' allegations, Plaintiff fails to specifically address her physical limitations, choosing instead to argue that Plaintiff must be disabled under the Rehabilitation Act because otherwise she would have been granted the General Clerk Position.

13

(Pl. Opp'n at 22.)  The Court finds Plaintiff's argument unconvincing.

A person is "regarded as" having a disability if she:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
> (3) Has [no such impairment] *but is treated by a covered entity as having a substantially limiting impairment*.

*Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 187 (3d Cir. 1999) (quoting 29 C.F.R. § 1630.2(l)) (emphasis added).  "[T]o be covered under the 'regarded as' prong of the ADA the employer must 'regard[] the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled.'" *Rhinmer v. Cemcolift*, 292 F.3d 375, 381 (3d Cir. 2002).  Indeed, "[t]he awareness that an employee is sick combined with some change in his work assignments is not enough to satisfy the 'regarded as' prong of the ADA."  *Id.* at 382, *quoting Kelly v. Drexel Univ.*, 94 F.3d 102, 106 (3d Cir. 1996).

The USPO's placement of Plaintiff in a rehabilitation position – without any other evidence that it perceived Plaintiff as disabled – does not raise a genuine issue of material fact that Plaintiff was disabled under the Rehabilitation Act.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250.  The Court will therefore grant Plaintiff summary judgment that Plaintiff has failed to establish a *prima facie* case of disability discrimination under that Act.

    b.  Whether Plaintiff failed to exhaust her administrative remedies.

Defendants contend that Ms. Stevenson has failed to exhaust her administrative remedies

14

with respect to certain claims in her complaint, and that such claims should therefore be

dismissed.  (Def. Br. at 31.)

As the Supreme Court has explained,

> [Title VII] permits an aggrieved employee to file a civil
> action in a federal district court to review his claim of employment
> discrimination.  Attached to that right, however, are certain
> preconditions.  Initially, the complainant must seek relief in the
> agency that has allegedly discriminated against him.  He then may
> seek further administrative review with the Civil Service
> Commission or, alternatively, he may, within 30 days of receipt of
> notice of the agency's final decision, file suit in federal district
> court without appealing to the Civil Service Commission.  If he
> does appeal to the Commission, he may file suit within 30 days of
> the Commission's final decision.  In any event, the complainant
> may file a civil action if, after 180 days from the filing of the
> charge or the appeal, the agency or Civil Service Commission has
> not taken final action.

*Brown v. General Serv. Admin.*, 425 U.S. 820, 832 (1976).

Defendants note that Plaintiff's complaint "cites to numerous instances of alleged

discrimination stemming back to 1994."  (Def. Br. at 36, *citing* Am. Compl. ¶¶ 21-27.)  They

submit, however, that "[P]laintiff never filed an informal or formal complaint with the agency

EEO office regarding these allegations".  (Def. Br. at 36.)  Defendants conclude that Plaintiff

failed to meet the exhaustion requirement with regard to those claims, and that "the only

remaining allegations before this Court are [therefore] those pertaining to her 1998 bid denial and

her termination from the USP[O] in 1999."  (Def. Br. at 36-37.)

In response, Plaintiff appears to argue that the Court should look only to the issue of

whether Plaintiff has exhausted her administrative remedies with respect to the discrimination

claims for the denial of her 1998 bid and for her 1999 termination.  Indeed, Plaintiff concedes

that "[t]he other incidents cited in her complaint, and found in the supporting documents for plaintiff and defendant's Statement of Facts, demonstrate [only] that a pattern and practice of discrimination against employees in a rehabilitation status exist." (Pl. Opp'n at 18.)  Plaintiff does however raise the issue that the arbitrator's Step 3 decision on Ms. Stevenson's termination grievance may not have been an "exhaustive" decision, as it dismissed plaintiff's grievance without prejudice.  (Pl. Opp'n at 18-19.)

To the extent that Ms. Stevenson's complaint does set forth allegations of employment discrimination relating to events other than the denial of her 1998 bid and her 1999 termination, there remain no genuine issues of material fact that  Plaintiff has failed to meet the exhaustion requirement with respect to those allegations.  Accordingly, the Court will grant Defendant's motion for summary judgment on the issue.  As for Plaintiff's concern that the arbitrator's decision on Ms. Stevenson's termination grievance might not be considered "final" for exhaustion purposes, the Court holds that it need not consider the merits of that contention since Defendants have never contested the finality of that decision.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion to dismiss and grant Defendants' motion for summary judgment. An appropriate form of Order accompanies this Opinion.

Dated: January 9, 2008

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.